# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUMAR K. JONES,**

                **Petitioner,**

v.                                                **Case No. 08-C-0261**

**WILLIAM POLLARD.**
**Warden of the Green Bay Correctional Institution,**

                **Respondent.**

## DECISION AND ORDER

Petitioner Jumar K. Jones ("Jones "), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 29, 1996, Jones plead guilty before the Milwaukee County Circuit Court in two cases to a total of three counts of armed robbery, one count of armed robbery as party to the crime and while concealing his identity, one count of attempted armed robbery as party to the crime and while concealing his identity, and one count of felony murder as party to the crime in violation of Wis. Stat. § § 935.05, 939.32, 940.03 and 943.32(1)(b).[1] Jones was sentenced to a total of 105 years of imprisonment with a 45-year sentence for the felony murder to run concurrent to the other sentences.

---

[1] The summary of the crimes to which Jones plead guilty is based on the description provided in *State v. Jones*, 731 N.W.2d 384,*1 (Wis. Ct. App. 2007) (Table), an unpublished decision.

Jones is currently in state custody at the Green Bay Correctional Institution in Green Bay, Wisconsin. Jones has paid the $5.00 filing fee.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." During the Court's initial review of habeas petitions, it examines the petition to determine whether the petitioner has set forth cognizable constitutional or federal law claims and has exhausted available state remedies.

Jones's petition lists five grounds for relief. The Court has liberally construed these grounds. As his first ground, Jones asserts his right to due process was violated because the prosecutor withheld Jones's custodial statements made to police and detectives in which Jones denied any involvement in the charges. His second ground sets forth a similar claim of a due process violation based on the prosecution's withholding of the separate statements of two eyewitnesses.

As his third ground for relief, Jones claims that his right to due process was violated because the prosecutor withheld reports that police and investigators were trying to locate and investigate Andy Nolan, Jr., regarding the crimes for which Jones was later charged and convicted. As his fourth ground, Jones claims that both his trial counsel were ineffective because they did not investigate the information which was withheld by the prosecution.

Jones's fifth ground is ineffective assistance of post-conviction counsel because that attorney did not investigate trial counsel's failure to obtain discovery. The grounds present arguable claims of federal constitutional violations.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.5 (1982). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

Jones's petition indicates that he filed a post-conviction motion with the trial court challenging his sentence. Upon denial of that motion, Jones filed a direct appeal which was denied on April 29, 1998. The Wisconsin Supreme Court denied Jones's petition for review on August 21, 1998.

The grounds which Jones presents to this Court were raised in a post-conviction motion filed with the Circuit Court for Milwaukee County. The motion was denied on June 8, 2006. Jones appealed to the Wisconsin Court of Appeals which affirmed the denial of his motion on March 20, 2007. *Jones*, 731 N.W.2d 384,*1. Jones presented the issues to the

3

Wisconsin Supreme Court which denied his petition for review on August 14, 2007. *State v. Jones*, 741 N.W.2d 241 (Wis. 2007)(Table). Thus, at this juncture, the Court concludes that Jones has exhausted his state remedies as to his claims.

Summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, is not appropriate since it does not plainly appear from "the face of the petition" that Jones is not entitled to relief. Consequently, the Respondent will be called upon to serve and file an answer, motion or other response consistent with Rule 4 of the Rules Governing Section 2254 Cases. Any answer shall contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. The Clerk of Court **SHALL** serve a copy of the petition and this order upon the respondent.

2. The Respondent **SHALL** serve and file an answer, motion, or other response to the petition on or before **May 30, 2008**.

3. Any answer **SHALL** contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

4. Jones is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send a copy of every paper or document filed with the Court to the Respondent or the Respondent's attorney. Jones should also retain a personal copy of each document. If Jones does not have access to a photocopy machine, Jones may send out

4

identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the Respondent or to the Respondent's attorney.

Dated at Milwaukee, Wisconsin this 25th day of April, 2008.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**